[Cite as *State v. Estes*, 2013-Ohio-1408.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. W. Scott Gwin, J. |
| -vs- | |
| | Case No. 12 CA 54 |
| GARY A. ESTES | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                            Pleas, Case No.  2012 CR 0116 D


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     April 8, 2013


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JAMES J. MAYER, JR.                   JEFFREY P. UHRICH
PROSECUTING ATTORNEY                  LAW OFFICE OF JEFFREY P. UHRICH
JOHN C. NIEFT                         Post Office Box 1977
ASSISTANT PROSECUTOR                  Westerville, Ohio  43086
38 South Park Street
Mansfield, Ohio  44902

*Wise, J.*

**{¶1}** Appellant Gary A. Estes appeals from the denial of his pre-sentence motion to vacate plea, subsequent to his conviction for burglary, in the Court of Common Pleas, Richland County. The relevant facts leading to this appeal are as follows.

**{¶2}** On March 9, 2012, the Richland County Grand Jury indicted appellant on one count of burglary, R.C. 2911.12(A)(2), a felony of the second degree. On May 14, 2012, appellant, with the assistance of counsel, entered a plea of guilty to the aforesaid charge, and the matter was set for a sentencing hearing on June 25, 2012.

**{¶3}** However, on June 15, 2012, about ten days before sentencing, appellant filed a "motion to vacate plea." Attached therewith was a handwritten statement from Jaclyn Bailey, the complaining witness, alleging in part that the item at issue, a computer, "didn't get stolen." See Appellant's Exhibit B.

**{¶4}** The motion to vacate plea was set for hearing at the same date and time as the sentencing hearing.

**{¶5}** On June 25, 2012, the court proceeded to conduct its plea motion/sentencing hearing. Via a sentencing entry filed June 26, 2012, appellant was sentenced to, inter alia, community control and a $3,000.00 fine. The trial court never specifically addressed the motion to vacate plea in said entry.[1]

---

[1] The State's response brief states that appellant did not obtain a transcript of the June 25, 2012 hearing. This assertion was correct at the time said brief was filed. The State's essential response is thus that we should apply the presumption of regularity to the trial court's decision under *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. However, appellant subsequently obtained leave from this Court to supplement the record, and the May 14, 2012 and June 25, 2012 transcripts were filed on January 2, 2013.

{¶6} On July 13, 2012, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶7} "I. THE TRIAL (SIC) ERRED WHEN IT DENIED DEFENDANT'S MOTION TO VACATE PLEA, FILED PRIOR TO DEFENDANTS (SIC) SENTENCING HEARING, WITHOUT CONDUCTING A FULL AND FAIR HEARING OR PROVIDING APPELLANT/DEFENDANT AN OPPORTUNITY TO PRESENT EVIDENCE IN SUPPORT OF THE MOTION TO VACATE PLEA."

I.

{¶8} In his sole Assignment of Error, appellant contends the trial court erred in denying his pre-sentence motion to withdraw his guilty plea to the burglary offense. We disagree.

{¶9} Unlike the "manifest injustice" standard governing a post-sentence motion, Crim.R. 32.1 has no specific guidelines for granting a presentence motion to withdraw a guilty plea. *State v. Calloway*, Hamilton App.No. C–040066, 2004–Ohio–5613, ¶ 11, citing *State v. Xie* (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. A presentence motion to withdraw a plea should be freely and liberally granted; however, the decision is left to the trial court's sound discretion. *Id.,* citing *Xie* at 526. Furthermore, a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *Xie, supra.* The court should examine whether the defendant was represented, whether the withdrawal will prejudice the prosecution, the timing of the motion, the reasons given for the withdrawal, the defendant's understanding of the charges and penalties, and the existence of a

meritorious defense. *State v. Graham,* Holmes App.No. 04–CA–001, 2004–Ohio–2556, ¶ 39 (additional citations omitted).

{¶10} In the case sub judice, the record reveals the trial court heard arguments of counsel pertaining to the motion to vacate plea, and was informed that the recanting witness had not appeared at the hearing. The court then concluded as follows:

{¶11} "I saw in the PSI that he was given an opportunity to demonstrate that he actually purchased the computer but he was unable to do that.  So at this point I don't have an actual reason to vacate his plea.  The plea was knowing and voluntary, all the facts were talked about and known by him at the time of his change of plea.  This authenticated letter is not sufficient for me to think there is any change in circumstances."

{¶12} Tr., June 25, 2012, at 5.

{¶13} Upon review, we are not inclined to determine that the trial court's refusal to allow a pre-sentence withdrawal of appellant's plea under these circumstances constituted an abuse of discretion. Accordingly, appellant's sole Assignment of Error is overruled.

{¶14} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.

By: Wise, J.
Delaney, P. J., and
Gwin, J., concur.

_____

_____

_____
                                    JUDGES

JWW/d 0305

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee                    :
                                           :
-vs-                                       :               JUDGMENT ENTRY
                                           :
GARY A. ESTES                              :
                                           :
    Defendant-Appellant                   :               Case No. 12 CA 54


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

    Costs assessed to appellant.


                                            _____

                                            _____

                                            _____

                                                JUDGES